TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00676-CV






Thomas James Negri, Appellant


v.


Karen Jack, Individually and as Executor of the Estate of Shirley Cowan, Deceased,
Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT

NO. D-1-GN-07-003958, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Thomas James Negri, appearing pro se, purports to appeal from an agreed
order whereby a co-defendant in the underlying lawsuit agreed to release property that is subject to
a temporary injunction. We will dismiss this appeal for want of subject-matter jurisdiction.

 Negri is married to Teresa Negri, who is the sister of appellee Karen Jack. 
Teresa (1) and Jack are daughters of Shirley Cowan. Cowan disappeared in 2001 and is presumed
dead.  In July 2007, Negri was convicted of Cowan's murder, and is currently incarcerated. (2) In
November 2007, Jack brought a wrongful death action against Negri and Teresa, alleging, among
other things, that the couple had converted assets of Cowan's estate. In July 2009, Jack amended
her petition to join several additional defendants to whom she alleged that Negri had fraudulently
transferred assets. Jack also obtained a temporary restraining order and then a temporary injunction
barring the defendants from transferring or expending certain assets that had been in possession
of Negri or any business or corporation in which he had an interest after January 1, 2001. The
temporary injunction was signed on August 10, 2009.

 In October 2009, Jack filed two motions against Teresa, a motion for contempt
and sanctions and a motion to preserve property subject to the temporary injunction and to compel
Teresa to transfer the property to Jack or a receiver. Those motions were set for hearing on
October 28, 2009. Prior to the hearing, Teresa, individually and as president of TJMB Builders, Inc.,
and Jack, individually and as executor of the estate of Shirley Cowan, reached a settlement regarding
the transfer motion whereby Teresa agreed to release certain property subject to the temporary
injunction to Jack. The district court signed an agreed order effectuating the settlement on
October 27, 2009.

 On November 19, 2009, Negri filed a notice of appeal from the agreed order
effectuating the settlement between Teresa and Jack. Jack responds that we lack subject-matter
jurisdiction over Negri's appeal because Negri does not challenge any appealable order and that
he lacks standing to complain of the agreed order. We need go no further than to observe that the
agreed order is neither a final order nor a type of interlocutory order that the legislature has made
appealable. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); cf. Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(4) (West 2008) (allowing appeal from district court's interlocutory
order granting or refusing temporary injunction or granting or overruling motion to dissolve 
temporary injunction). The agreed order does not dissolve the temporary injunction, and to the
extent that Negri is complaining that the temporary injunction was granted in the first place, he
did not timely perfect such an appeal. See Tex. R. App. P. 26.1. We dismiss Negri's appeal for want
of subject-matter jurisdiction. 


 

 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton 

Dismissed for Want of Jurisdiction

Filed: December 15, 2010
1. We will use Teresa Negri's first name to distinguish her from her husband, the appellant. 
2. This Court affirmed Negri's conviction in May 2009. See Negri v. State, No. 03-07-00588-CR, 2009 WL 1255572, at *8 (Tex. App.--May 6, 2009, pet. ref'd) (mem. op.).